UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ALAN WRAY,

    Plaintiff,

v.                                                Case No. 8:19-cv-931-T-02CPT

BOB QUAM, et. al.,

    Defendants.
_____/

## ORDER

Before the Court is Mr. Wray's civil rights complaint filed pursuant to 28 U.S.C. §1983 (Doc. 1). Mr. Wray, a Florida pre-trial detainee, alleges that while he was at Florida State Hospital in Chattahoochee, Gadsden County, Florida, he was forced to take medication against his will, housed in "a room for 3 days without probable cause," deprived of food for 2 days, and a false report was created regarding his mental health. Each defendant works at Florida State Hospital.

The appropriate venue provision in this case is 28 U.S.C. § 1391(b) which states:

> A civil action may be brought in. . .(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For purposes of § 1391(b)(1), Defendants reside in Chattahoochee, Florida. *See Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980), *rev'd sub nom. Florida Dep't of Health & Rehab. Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147 (1981) ("The general rule in suits against public officials is that a defendant's residence for venue purpose is the district where

he performs his official duties."). And "[i]n evaluating whether acts support venue under Section 1391(b)(2), only the events that directly give rise to a claim are relevant and...only those acts and omissions that have a close nexus to the wrong are properly weighed in the substantial part analysis. ...The court must focus on the actions of the defendant, not of the plaintiff." *Ford v. Supreme Court of Florida*, 2006 WL 1382075, at *5 (M.D. Fla. May 18, 2006) (internal citations and quotation marks omitted). According to the allegations in the complaint, the acts that give rise to Mr. Wray's claims occurred at Florida State Hospital. Accordingly, Mr. Wray has not alleged facts that would allow the Court to infer that venue properly lies in the Middle District of Florida.

It is therefore **ORDERED** that this case is **TRANSFERRED** to the United States District Court, Northern District of Florida, Tallahassee Division, for all further proceedings.[1] The **Clerk of the Court** shall terminate any pending motions, close this case, and forward the file to that Court.

**DONE AND ORDERED** in Tampa, Florida, on _____April 22nd_____, 2019.

WILLIAM F. JUNG
United States District Judge

Copy to: James Alan Wray, *pro se*

---

[1] See 28 U.S.C.A. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").